IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHAMBALA J.E. HOLLIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05-1211-CV-W-ODS ) |
| LOFFREDO FRESH PRODUCE, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER AND OPINION (1) DENYING DEFENDANTS' MOTION TO DISMISS AND (2) GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Pending are motions from Defendants Olive Garden Restaurant and Jerid Courteya (collectively "Olive Garden") to dismiss the Amended Complaint or, alternatively, for a more definite statement of Plaintiff's claims. Plaintiff has responded, although on some occasions he has characterized his responses as "motions." After reviewing the record, the Court concludes that dismissal is inappropriate at this juncture, but Plaintiff is directed to file a Second Amended Complaint that clarifies the nature and targets of his claims.

The Court concedes Plaintiff's filings are not models of clarity, but it must be remembered Plaintiff is proceeding pro se and is therefore entitled to some leeway. After reviewing Plaintiff's filings, the Court discerns his claims arise from the termination of his employment with Defendant Loffredo Fresh Produce ("LFP"). Plaintiff was a delivery truck driver for LFP, and on the occasion in question was making a delivery to an Olive Garden restaurant. A disagreement arose, or an incident occurred – the details are less than clear – but ultimately Courteya (an employee with Olive Garden) had a conversation with Plaintiff's supervisors about the disagreement/incident and the information he provided played a part in LFP's decision to terminate Plaintiff's employment. Plaintiff alleges Courteya provided false information, which forms the basis for Plaintiff's claims against him and Olive Garden for slander and tortious interference with business expectancy. Plaintiff also claims LFP fired him because of

his race and because of his disability.  Finally, Plaintiff asserts some contract-based claims, but Plaintiff's rationale is insufficiently clear to allow the Court to explain them.

Olive Garden argues the tort claims must be dismissed because the Amended Complaint does not establish a basis for subject matter jurisdiction.  In fact, Olive Garden has argued that diversity of citizenship is lacking because Plaintiff lived in Missouri when the alleged torts occurred and Courteya is a citizen of Missouri.  There are several flaws in Olive Garden's jurisdictional arguments.

As the party bringing the case to federal court, Plaintiff is obligated to demonstrate federal jurisdiction exists.  In examining whether Plaintiff has met his burden, the Court must be mindful of his pro se status and the extra leeway to which he is entitled.  Citizenship is to be evaluated when the Complaint is filed, not when the cause of action arose.  <u>Altimore v. Mount Mercy Coll.</u>, 420 F.3d 763, 768 (8th Cir. 2005).  The Record reflects Plaintiff lived in Ohio when the Complaint was filed, and Olive Garden represents Courteya was a citizen of Missouri; thus, there appears to be diversity of citizenship between those two parties.  The record does not reflect Olive Garden's citizenship – in fact, the record does not clearly reflect that Olive Garden is a corporation unto itself that is capable of being sued.  Nonetheless, while Plaintiff bears the burden on this issue, the Court would be far more comfortable if Olive Garden indicated its citizenship in some fashion.

Ultimately, it may not matter whether diversity of citizenship exists.  The Court clearly has jurisdiction over Plaintiff's Title VII claim against LFP,[1] and Plaintiff's claims against Olive Garden are sufficiently related to the Title VII claim that the Court may exert supplemental jurisdiction over the tort claims.  28 U.S.C. § 1367(a).

While the Court declines to dismiss the claims against Olive Garden, the Court agrees Plaintiff should clarify his claims.  Therefore, within twenty days Plaintiff shall file

---

[1]Olive Garden argues Plaintiff's Title VII claim is untimely because it was not filed within ninety days of the EEOC's issuance of a Right to Sue Letter.  Olive Garden explains that the Right to Sue Letter was issued on September 6, 2005, so the ninety day period expired on December 4, 2005.  Accepting Olive Garden's calculations as true, the Court observes Plaintiff filed this case on December 2, 2005.

2

a Second Amended Complaint. For the sake of clarity, Plaintiff is advised to advance his claims in separate sections that are clearly titled so the Court and the parties know precisely what claims he is advancing. In addition, Plaintiff should clearly identify the defendants for each claim.

In its Answer, Olive Garden is directed to include a statement of its status, whether a corporation unto itself or a division or sub-entity of some other corporation, along with a statement of citizenship indicating the state in which it or its parent organization is incorporated and the location of its principal place of business. Olive Garden (or its parent) is also directed to comply with Local Rule 3.1.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: April 12, 2006 UNITED STATES DISTRICT COURT